UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

AURORA PLASTICS GROUP, INC.,

    Plaintiff,

v.

PETRO PLASTICS CO., INC.,

    Defendant.

CASE NO. 5:23-cv-01269

ORDER
[Resolving Doc. 11]

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this breach of contract case, Plaintiff Aurora Plastics Group, Inc. (Aurora Plastics) seeks default judgment against Defendant Petro Plastics Co., Inc. (Petro Plastics) totaling $495,689.20, plus legally allowed pre- and post-judgment interest. For the following reasons, the Court **GRANTS** default judgment.

## I. DISCUSSION

By defaulting, Defendant Petro Plastics admits Plaintiff Aurora Plastics' allegations, and so the Court therefore accepts the facts in Aurora Plastics' complaint as true.

Plaintiff Aurora Plastics is an Ohio corporation that sells plastic polymers to United States customers.[1] Defendant Petro Plastics is an Aurora Plastics customer.[2] From October 13, 2022, through April 26, 2023, Aurora Plastics supplied various products to Petro Plastics over the course of eighteen purchase orders.[3] Petro Plastics agreed to pay for the products;

---

[1] Doc. 1, ¶ 1.
[2] *Id.*, ¶ 2.
[3] *Id.,* ¶ 8; Docs. 1-1, 1-2.

Case No. 5:23-cv-01269
GWIN, J.

when Petro Plastics did not pay, it promised Aurora Plastics that it would do so in the near future.[4]

Petro Plastics apparently never paid Aurora Plastics.

On June 27, 2023, Aurora Plastics sued Petro Plastics to recover the $495,689.20 for the yet-unpaid-for products that Aurora Plastics supplied to Petro Plastics.[5] However, months passed without Aurora Plastics serving Petro Plastics with the summons and complaint.

On November 6, 2023, the Court ordered Aurora Plastics to show cause for failure to serve Petro Plastics.[6] Aurora Plastics then filed proof of service dated October 20, 2023.[7] Petro Plastics never responded.

So, on February 7, 2024, the Court ordered Aurora Plastics to show cause for failure to move for default judgment or, alternatively, requested Aurora Plastics to submit an appropriate motion for default judgment.[8]

On February 21, 2024, Aurora Plastics requested that the Clerk enter default judgment against Petro Plastics.[9] The Clerk entered default on March 4, 2024.[10]

Aurora Plastics also filed its motion for default judgment on February 21, 2024.[11] Petro Plastics has not timely filed an opposition.[12]

---

[4] Doc. 1, ¶¶ 7, 9.
[5] Doc. 1.
[6] Doc. 11.
[7] Doc. 6, PageID #: 41-43; Doc. 7, PageID #: 44.
[8] Doc. 9.
[9] Doc. 10.
[10] Doc. 12.
[11] Doc. 11.
[12] Local Rule 7.1(d) provides that "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion."

Case No. 5:23-cv-01269
GWIN, J.

## II. DISCUSSION

Default judgment follows a two-step process. First, a plaintiff must ask the Clerk to enter default.[13] Once the Clerk enters default, the plaintiff may apply for default judgment under one of two procedures.[14]

Under Federal Rule of Civil Procedure 55(b)(1), if the plaintiff seeks judgment "for sum certain or a sum that can be made certain by computation," the plaintiff can ask the Clerk to enter default judgment.[15] Otherwise, the plaintiff must file a motion with the Court under Rule 55(b)(2).[16]

In this case, Plaintiff Aurora Plastics moved for default judgment under Rule 55(b)(1) but addressed its motion to the Court.[17] So, the Court construes the motion as made under Rule 55(b)(2).

Before a court can grant default judgment under Rule 55(b)(2), it must "determine whether [the] facts are sufficient to state a claim for relief" when accepting all well-pleaded factual allegations as true."[18] A plaintiff moving for default judgment must also provide damages evidence that allows the court to determine the amount of damages with "reasonable certainty."[19] The plaintiff may use affidavits as damages evidence.[20]

Plaintiff Aurora Plastics has sufficiently pled facts to state a claim for relief against Defendant Petro Plastics. Aurora Plastics alleges that it sold products to Petro Plastics on account and that Petro Plastics agreed to pay in full within thirty days of the products'

---

[13] Fed. R. Civ. P. 55(a).
[14] Fed. R. Civ. P. 55(b).
[15] Fed. R. Civ. P. 55(b)(1).
[16] Fed. R. Civ. P. 55(b)(2).
[17] Doc. 7, PageID #: 53.
[18] *Jones v. Animal Enter. Worldwide, LLC*, No. 1:21-cv-00653, 2022 WL 592945, at *1 (N.D. Ohio Feb. 28, 2022) (citation omitted).
[19] *Id.* at *2 (citations omitted).
[20] *Id.* (citation omitted).

Case No. 5:23-cv-01269
GWIN, J.

shipment.[21] However, Petro Plastics did not pay for the products, despite Aurora Plastics' demands.[22]

Aurora Plastics shows evidence of purchase invoices and Terms and Conditions of sale between it and Defendant Petro Plastics, that establish that payment for the products is due within thirty days of shipment.[23] This is enough to establish Petro Plastics' default judgment liability for Aurora Plastics' breach of contract claim.

Plaintiff Aurora Plastics has also offered damages evidence. Aurora Plastics attaches copes of original invoices that it issued to Petro Plastics.[24] According to an affidavit by Aurora Plastics' Corporate Controller, Petro Plastics still owes an outstanding balance of $495,689.20 on those invoices.[25] And, Aurora Plastics provides a Customer Account Statement for Petro Plastics dated June 2, 2023, showing Petro Plastics owing the same amount.[26]

The Court therefore **GRANTS** default judgment on Plaintiff Aurora Plastics' claims for breach of contract for this amount.

Plaintiff Aurora Plastics also seeks pre- and post-judgment interest as allowed by law. "In diversity cases in this Circuit, federal law controls post-judgment interest but state law governs awards of prejudgment interest."[27]

In Ohio, prejudgment interest is governed by Ohio Revised Code § 1343.03, which provides, in pertinent part, that "when money becomes due and payable upon . . . any book

---

[21] Doc. 1, ¶ 12; Doc. 1-1, PageID #: 6.
[22] *Id.*, ¶ 7.
[23] Doc. 11-2, PageID #: 5878.
[24] Doc. 11-3, PageID #: 61-78.
[25] Doc. 11-1, ¶ 5.
[26] Doc. 11-4, PageID #: 79./
[27] *Est. of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) (quoting *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000)).

Case No. 5:23-cv-01269
GWIN, J.

account . . . the creditor is entitled to interest at a rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest."[28]

The Terms and Conditions of Aurora Plastics' invoice to Petro Plastics state that "[i]nterest is charged on past due accounts at 1.5% per month or such other maximum rate allowed by law."[29] This contractual rate is greater than the Ohio statutory prejudgment interest rate[30] and is not prohibited by law.[31] So, the Court **GRANTS** Plaintiff Aurora Plastics prejudgment interest at the contractual rate.

Under federal law, post-judgment interest is prescribed by statue at the rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."[32] While parties may contract around this statutory post-judgment rate, federal law requires that "language expressing an intent that a particular interest rate apply to judgments or judgment debts" to be "clear, unambiguous and unequivocal."[33] A default interest rate, like the one described in the Terms and Conditions here, "without more, does not amount to a post-judgment rate of interest" or an agreement to supplant the statutory rate with such.[34]

Accordingly, the Court **GRANTS** Plaintiff Aurora Plastics post-judgment interest at the applicable federal statutory rate from the date of this Order until the judgment is satisfied.

---

[28] R.C. § 1343.03(A).
[29] Doc. 11-2, PageID #: 59.
[30] *Annual Certified Interest Rates*, Ohio Dep't of Taxation, https://tax.ohio.gov/researcher/interest-rates (last visited Apr. 9, 2024).
[31] R.C. § 1342.01(B)(1) (parties may agree to interest rates over eight percent annually if the principal is over $100,000).
[32] 28 U.S.C. § 1961.
[33] *FSC Advisors, Inc. v. Fair Fin. Co., Inc.*, 603 F.3d 144, 148 (6th Cir. 2010) (citation omitted).
[34] *Comerica Bank v. Stewart*, No. 09-cv-13421, 2009 WL 4646894, at *4 (E.D. Mich. Dec 8, 2009) (citing *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 102 (2d Cir. 2004)).

Case No. 5:23-cv-01269
GWIN, J.

### III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff Aurora Plastics' motion for default judgment.  Defendant Petro Plastics is **ORDERED** to pay Plaintiff Aurora Plastics $495,689.20 along with prejudgment and post-judgment interest at the applicable statutory rates, set forth in the Court's Order.

IT IS SO ORDERED.

Dated: April 10, 2024                              *s/     James S. Gwin*
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE